# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WM. WRIGLEY JR. CO., <br><br> Plaintiff, <br><br> v. <br><br> CADBURY ADAMS USA LLC., <br><br> Defendant. | No. 04 C 0346 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

There is no disagreement that a protective order is required in this case so that legitimately confidential information is kept out of the hands of competitors. The context is the familiar circumstance of a patent dispute between companies which regularly seek patents to protect their products which are mass market consumer goods. This lawsuit is over a formulation for chewing gum. Both Wrigley and Cadbury have many patents covering candy and gum. They both develop and seek patent protection for new formulations on a regular basis.

While patents are publicly available, patent applications are not. Patent prosecution is not conducted in public. If one is attempting to secure a patent in an area where a competitor's patents are thick on the ground, some confidential information from the competitor might well be helpful. Knowing what the competitor is doing or has done could aid in decisions regarding the prosecution and drafting of a patent application or a request for reexamination of a patent. It is becoming customary to keep confidential data in

infringement cases from those who prosecute patents. What the patent litigation counsel is entitled to see is frequently kept from those who have, at times, been referred to in my courtroom as the "real" patent lawyers.

As to this there is no dispute. Cadbury and Wrigley both want (or, at least, are willing) to keep litigation information away from patent prosecutors. They have disagreements over who is to be included in the definition of patent prosecutors. They have disagreements as to the scope of what is to be prohibited and how long the prohibition will last. Cadbury is particularly concerned because, in this case, unlike some others, the litigation firm representing Wrigley is also the firm that prosecutes its patents.

Wrigley proposes:

> Any natural person who receives [confidential] information...shall not, during pendency of this suit and for a period of one year after conclusion of this litigation, including appeals....directly or indirectly participate in the prosecution of any patent application related to the subject matter of the patents-in-suit.

Cadbury proposes:

> No natural person, including outside and/or in-house counsel, who participates in patent prosecution in the area of chewing gum and confectionery technologies, including the direction of, research in support of, drafting, and/or any prosecution of any application for a patent, or any application or requests for the reexamination or reissue of a patent, ("patent prosecutor") shall have access to information designated as [confidential]. An information barrier shall be maintained to insure that patent prosecutors on behalf of a party are precluded from accessing any [confidential] information. Persons who are not patent prosecutors as defined herein and who, under the terms of this Protective Order, receive access to [confidential] information shall be precluded from acting as a patent

2

> prosecutor within the meaning of this provision for three years from the individual's last review of [confidential] information or from the termination of the litigation whichever is earlier...

Wrigley's language is more concise and graceful. Usually "any" or "all" covers the universe. But Cadbury's lawyers may well have run into the kind of lawyer who might contend, as one did before me, that a franchise contract covering "any and all sales" does not apply to birthday party proceeds because the contract does not mention "birthday" party sales. Leaving aside the stylistic differences, I agree with Cadbury on some points.

The kind of patents that are covered by the order ought to be specified, but I see no reason to extend it beyond chewing gum to confectionery technology. The period of limitation ought to be longer than one year given the current length of time it takes to secure a patent and the ability of an applicant to amend the patent application during prosecution. There ought to be a requirement to install an information barrier to insure against inadvertent access to confidential information. I do not agree that persons who regularly participate in patent prosecution shall be barred forever from confidential information. Perhaps it was not even Cadbury's intent to keep current patent prosecutors from ever accessing the confidential information--but I believe this was Cadbury's intent. I can imagine a case where technology is so novel, competitive practices and research protocols so novel that a competitor's confidential information ought to be concealed from a patent prosecutor for a very long time, but there is no showing that this is such an industry;

3

I adopt the following paragraph to resolve the dispute between the parties over the protective order.

Any natural person who receives information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not participate in any way, direct or indirect, in the prosecution or support of the prosecution of any patent application, reexamination or reissue of a patent in the field of chewing gum technology for a period of three years after that person's last review of the designated information or from the termination of the litigation whichever is earlier or as otherwise agreed to by the parties. An information barrier shall be maintained to insure that persons who are not intended to have access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are precluded from accessing that information.

The motion to enter protective order is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: January 21, 2005