UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WM. WRIGLEY JR. COMPANY,

    Plaintiff,

    v.

CADBURY ADAMS USA, LLC,

    Defendant.

No. 04 C 0346
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On January 20, 2004, Plaintiff WM. Wrigley Jr. Company ("Wrigley") filed a Complaint against Defendant Cadbury Adams USA, LLC ("Cadbury"), alleging infringement of Claim 34 of U.S. Patent No. 6,627,233 ("233 patent"). The '233 patent is related to what Wrigley claims is a novel chewing gum composition containing physiological cooling agents. In response, Cadbury filed a counterclaim, alleging infringement of U.S. Patent No. 5,009,893 ("839 patent"). Wrigley then filed its own counterclaim, alleging that the Cadbury's infringement claim is an improper attempt to gain an illegal monopoly in violation of § 2 of the Sherman Antitrust Act.

Cadbury now moves to dismiss Wrigley's antitrust counterclaim for failure to sufficiently plead an antitrust claim. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993). Additionally, because of the nature of antitrust cases, summary procedures should be used sparingly. *Scheur v. Rhodes,* 416 U.S. 232, 236 (1974).

In the federal notice pleading system, it is not necessary to plead facts or legal theories. Fed. R. Civ. P. 8(a); *Fedders Corp. v. Elite Classics*, 279 F. Supp. 2d 965, 967 (S.D. Ill., 2003; *See Also Hammes v. AAMCO Transmissions, Inc.,* 33 F.3d 774, 782 (7th Cir. 1994); *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 62 F.3d 967, 976-77 (7th Cir.1995). Rather, Wrigley need only "give [Cadbury] fair notice of what [its] claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47; *See Also Bennett v. Schmidt*, 153 F.3d 516, 518-19 (7th Cir. 1998).

Wrigley's counterclaim is based on Cadbury's alleged use of "sham litigation" to impededWrigley from competing against it in the U.S. chewing gum market. To plead attempted monopoly via sham litigation, Wrigley must allege: (1) Cadbury engaged in predatory or anticompetitive conduct, (2) with the specific intent to monopolize, and (3) a dangerous probability exists that Cadbury will achieve a monopoly. *Knoll Pharms. Co. v. Teva Pharms. USA, Inc*., No. 01 C 1646, 2001 U.S. Dist. LEXIS 12999 (N.D. Ill. Aug. 24, 2001). Additionally, courts have interpreted the last two elements of this test to require that pleadings identify the relevant market. *SJ Advanced Tech. & Mfg. Corp. v. Junkunc,* 627 F. Supp. 572, 574 (N.D. Ill. 1986).

Cadbury argues that Wrigley has not given them sufficient notice of the relevant market. In its counterclaim, Wrigley defines the relevant market as the U.S. chewing gum market for products competing with Wrigley's Eclipse and Orbit brands– the so called adult chewing gum market. This description is sufficient to put Cadbury on notice of the market at issue and, therby, satisfy the pleading requirements of Fed. R. Civ. P. 8(a). *See Knoll Pharm.,* 2001 U.S. Dist. LEXIS 12999 at \*10; *MCM Partners, Inc.,* 62 F.3d 976-77.

Cadbury also argues that Wrigley's counterclaim fails "by the terms of its own pleadings." Cadbury claims that Wrigley cannot allege both that Cadbury's '839 claim has a good chance of succeeding and, thus, creating a market monopoly and that the claim is baseless and is, thus, a sham. While Cadbury's argument appears interesting at first blush, it breaks down when taken to its logical end. Reading the case law to prevent an antitrust plaintiff in a sham litigation case from alleging that the underlying litigation is both improper and that the attempt to monopolize has a good probability of success would forestall all sham litigation claims. When a sham litigation plaintiff, such as Wrigley, alleges there is a dangerous probability of success, they are clearly referring to the defending party's ability to monopolize the market, not the merit of the underlying claim.

After reviewing Wrigley's counterclaim, I find that it sufficiently states a claim for violation of § 2 of the Sherman Antitrust Act. Wrigley alleged that Cadbury engaged in anticompetitive practices by filing what it believes to be a baseless lawsuit for infringement of the '893 patent, that it was Cadbury's intent to monopolize the chewing gum market, and that there is a dangerous possibility for Cadbury, the second largest market share holder, to control 60% or more of the adult chewing gum market in the U.S. However, since there is no objection from Wrigley, I will stay the antitrust litigation pending the resolution of the patent infringement suits.

Cadbury's Motion to Dismiss Wrigley's Antitrust Claim and/or to Sever and Stay the Antitrust Case is GRANTED in part and DENIED in part.

ENTER:

*James B. Zagel*
_____

James B. Zagel
United States District Judge

DATE: April 22, 2005