# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WM WRIGLEY JR. COMPANY, a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 04-cv-00346 |
| CADBURY ADAMS USA LLC, a Delaware limited liability company, | ) ) ) | Judge Robert M. Dow, Jr. |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two related motions, one filed by each party in this patent case. In its motion [319], Defendant Cadbury Adams USA LLC ("Cadbury" or "Defendant") renews its request for Federal Rule of Civil Procedure 54(b) certification and also requests deferral of certification to permit resolution of its inequitable conduct and literal infringement counterclaims. In its motion [322], Plaintiff Wm. Wrigley Jr. Company ("Wrigley" or "Plaintiff") seeks entry of judgment under Rule 54(b) and a stay of the remaining Cadbury counterclaims. For the reasons set forth below, Plaintiff's motion [322] is granted and Defendant's motion [319] is granted in part and denied in part. Having determined that an interlocutory appeal is warranted, the Court respectfully disagrees with Defendant that certification should be deferred pending trial on two of its remaining counterclaims.

**I.  Background**

Because the procedural background of this case is somewhat complex, a short summary is appropriate.[1] On January 20, 2004, Plaintiff filed a complaint [1] against Defendant, alleging

---

[1] For a much fuller discussion, see the Court's prior opinion, 631 F. Supp. 2d 1010 (N.D. Ill. 2009).

infringement of Claim 34 of U.S. Patent No. 6,627,233 (the "'233 patent")[2]. The '233 patent is related to what Wrigley claims is a novel chewing gum composition containing physiological cooling agents. On March 2, 2005, Cadbury filed a Fourth Amended Answer and Counterclaim [66], alleging infringement of U.S. Patent No. 5,009,893 (the "'893 patent")[3] and seeking declaratory judgments of invalidity and non-infringement of Claim 34 of the '233 patent and unenforceability of the '233 patent due to inequitable conduct. In Wrigley's Reply and Counterclaims to Cadbury's Fourth Amended Answer and Counterclaim [75], Wrigley filed counterclaims of antitrust, unfair competition, false patent marking and sought declaratory judgments of invalidity and non-infringement of the '893 patent and unenforceability of the '893 patent due to patent misuse.

On April 22, 2005, Judge Zagel (the judge to whom this case previously was assigned) stayed Wrigley's antitrust counterclaim pending the resolution of the patent infringement claims. *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 2005 WL 936928, at *2 (N.D. Ill. April 22, 2005). On May 18, 2007, Judge Zagel construed the meaning of certain disputed claim terms. *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 500 F. Supp. 2d. 922, 929-936 (N.D. Ill. 2007). On December 6, 2007, the case was reassigned to this Court's docket.

In its order of June 26, 2009, the Court resolved several motions for summary judgment, finding that: (1) Claim 34 of Wrigley's '233 patent is invalid; (2) Cadbury's '893 patent is not invalid; and (3) the use of WS-23 in Wrigley's commercial chewing gum products did not

---

[2] Wrigley's Complaint alleged: "By making, using, importing, selling, and/or offering to sell its Dentyne Ice® and Trident White® chewing gums, Cadbury has infringed claim 34 of the '233 patent directly, contributorily, and/or throughout inducement." Complaint at ¶ 14.

[3] Cadbury alleged: "Wrigley has been and still is infringing the '893 patent by making and selling chewing gum products, including chewing gums sold in the United States under the brands Orbit® and Eclipse®, that embody the patented invention." Cadbury's Fourth Amended Answer and Counterclaim at ¶ 17.

infringe Cadbury's '893 patent either literally or under the doctrine of equivalents. *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 631 F. Supp. 2d 1010, 1025-1052 (N.D. Ill. 2009) (hereinafter the "June Order"). In the June Order, the Court also denied Cadbury's cross-motion for summary judgment of literal infringement of the '893 patent by Wrigley's experimental chewing gum formulas, finding that disputed issues of fact prevented resolution of the claim on summary judgment.

On July 10, 2009, Wrigley filed a motion for reconsideration of the Court's ruling on invalidity of Claim 23 of the '233 patent. [296]. Shortly thereafter, on July 27, 2009, Cadbury moved for Rule 54(b) certification on the Court's ruling that Wrigley's commercial products had not infringed the '893 patent. [302]. In its filings, Cadbury took the position that the June Order "resolved all matters regarding Cadbury's infringement claim against Wrigley commercial products." *Id*. Cadbury further explained that its doctrine of equivalents ("DOE") claim was directed against specific Wrigley products, and the "DOE claim has been finally decided" by the June Order. (Mem. in Support of Request for Certification for Appeal [303], at 1). Cadbury argued that the Court's decision was "based on a pure issue of law" and the question had "no overlapping factual or legal considerations with any of the claims still pending between the parties." (*Id.* at 1) (emphasis in original). Specifically, Cadbury asserted that its still-pending claim of literal infringement of the '893 patent by Wrigley's *experimental* products "has no factual overlap" with its doctrine of equivalents claim which, as noted above, was directed against other "distinct" Wrigley *commercial* products. *Id*. at 3. At the time of its original request for certification for appeal, Cadbury recognized that in all likelihood Wrigley would seek certification of the Court's ruling on the invalidity of the '233 patent. *Id*. at n. 1. Cadbury

asserted that "the interests of judicial economy are best served by consideration of both decisions together by the appellate court." *Id.*

The Court did not immediately rule on Cadbury's motion for certification; instead, the parties stipulated that Cadbury's motion for certification for appeal would be stayed pending the Court's ruling on Wrigley's motion for reconsideration. [307]. On March 30, 2010, the Court denied Wrigley's motion for reconsideration, [313], and denied Cadbury's motion for Rule 54(b) certification without prejudice [314]. This Court, however, allowed the parties to file Rule 54(b) motions in light of the disposition of Wrigley's motion for reconsideration. [314].

On April 29, 2010, the parties filed a joint status report [318], which identified eight claims pending before the Court:

> **A. Wrigley's Remaining Claims**
> 1. Declaratory Judgment of Unenforceability due to patent misuse by Cadbury concerning the '893 patent
> 2. Declaratory Judgment for Non-infringement of the '893 patent by Wrigley
> 3. False Patent Marking
> 4. Unfair Competition – Lanham Act
> 5. Antitrust under Sherman Act (stayed- no answer or counterclaim has yet been filed by Cadbury and no discovery has taken place on this claim)
>
> * * *
>
> **B. Cadbury's Remaining Claims**
> 1. Declaratory Judgment of Inequitable Conduct by Wrigley under the '233 patent
> 2. Literal willful Infringement of the '893 patent concerning certain Wrigley experimental formulas.
> 3. Infringement of the '893 patent concerning Wrigley commercial mint products.

Wrigley has now expressed its willingness to take judgment on its claims for false patent marking and unfair competition so long as Wrigley's rights to appeal are preserved. [326]. As noted above, Wrigley's antitrust claim has been stayed for years. In the joint status report,

4

Cadbury stated that it would likely stipulate to the dismissal of its claim for infringement of the '893 patent by Wrigley commercial mint products, [318].[4]

As anticipated by Cadbury, on April 29, 2010, Wrigley moved for entry of judgment under Rule 54(b) on the Court's ruling on the invalidity of Claim 34 of the '233 patent and a stay of the remaining counterclaims. [322]. On the same day, Cadbury renewed its request for Rule 54(b) certification of this Court's determination of non-infringement of the '893 patent by Wrigley commercial chewing gum products. [319]. However, this time around, Cadbury altered its position. It now argues that Rule 54(b) certification of the invalidity of Wrigley's '233 patent should be deferred to permit the resolution of Cadbury's claims on inequitable conduct under the '233 patent and literal willful infringement of the '893 patent. [*Id.*]. Notwithstanding its prior arguments that there were "<u>no</u> overlapping factual or legal considerations with any of the claims still pending between the parties" preventing certification of the question of whether Wrigley had infringed its patent, Cadbury now asserts that "Cadbury's infringement claim and Wrigley's invalidity ruling are inextricably intertwined." [327]. Furthermore, in what it styles its "Reply in Support of Its Motion for Deferral of Certification Under Rule 54(b)," Cadbury for the first time expresses doubt as to the finality of the Court's denial of Cadbury's claim for infringement of the '826 patent. [327]. Now, Cadbury is essentially arguing (in a reply in support of *its own motion* for certification under Rule 54(b)) that Rule 54(b) certification may be inappropriate for lack of a final judgment.

---

[4] Such a stipulation makes sense, so long as Cadbury's rights on appeal are preserved. Cadbury has not discussed its "commercial mint" claim in any of its briefing on the pending motions. Indeed, during the briefing on Wrigley's motion for partial summary judgment on non-infringement of the '893 patent, Cadbury accused Wrigley of "purposely exclud[ing] Wrigley's mint products," from its motion so as to block a later entry of a Rule 54(b) judgment. At that time, the parties appeared to agree that the absence of a judgment on Wrigley's "commercial mint" products would not stand in the way of a Rule 54(b) certification of this Court's ruling of infringement of the '893 patent from being a final judgment. See June Order, 631 F. Supp. 2d at 1045.

In sum, the parties agree that the claims resolved in the June Order should be certified for appeal under Rule 54(b) and that both appeals should be heard together. The only dispute is whether "a short bench trial" to resolve Cadbury's two outstanding claims should precede the appeal.

## II. Legal Standard

In an action involving multiple claims or multiple parties, the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) provides "a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." *Sears, Roebuck & Co. v, Mackey*, 351 U.S. 427, 435 (1956). The Supreme Court has interpreted Rule 54(b) certification as involving a two-step test. *Curtiss-Wright Corp. v. General Elec. Co*., 446 U.S. 1, 7 (1980). First, a district court must determine whether the judgment on a claim to be appealed is final. *Id.* ("It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" (quoting *Sears, Roebuck & Co*., 351 U.S. at 436)). Second, a district court must determine whether there is any just reason for delay. *Id.* at 8. In determining whether there is no just reason to delay the appeal of individual final judgments, "a district court must take into account judicial administrative interests as well as the equities involved." *Id.* at 8. A district court considers "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were

subsequent appeals." *Id*. The Federal Circuit has explained that "[d]istrict courts have substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b)." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) (*citing Cold Metal Process Co. v. United Engineering & Foundry Co.,* 351 U.S. 445, 452 (1956)).

## III. Analysis

### A. Wrigley's Rule 54(b) Motion.

Wrigley seeks certification under Rule 54(b) to appeal the Court's ruling that Claim 34 of Wrigley's '233 patent is invalid. Cadbury and Wrigley do not dispute that the court's ruling on invalidity of Claim 34 of the '233 patent is a final judgment under Rule 54(b), but they dispute whether there is just reason for delay.

As a first step for Rule 54(b) certification, the Court must satisfy itself that the June Order granting Cadbury's motion for summary judgment on invalidity of the '233 patent was in fact a final judgment even though the Court did not determine Cadbury's claim on unenforceability of the '233 patent due to inequitable conduct.[5] The portion of the June Order in which the Court found Claim 34 of the '233 patent to be invalid as both anticipated and obvious was a final judgment because it was "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co.*, 351 U.S. at 436. This ruling disposed of Wrigley's claim on infringement and Cadbury's counterclaim of non-infringement of the '233 patent. *See, e.g., W.L. Gore & Assocs., Inc.*, 975 F.2d at 863. The only remaining claim related to the '233 patent is Cadbury's counterclaim of unenforceability of the '233 patent due to inequitable conduct. That counterclaim, however, does not affect the finality of the judgment—once the Court held Claim 34 of the '233 patent invalid, Wrigley's infringement claim was

---
[5] The final judgment under Rule 54(b) certification cannot be satisfied by stipulation of the parties because "[t]he requirement of finality is a statutory mandate and not a matter of discretion." *W.L. Gore & Assoc., Inc. v. Int'l Medical Prosthetics Research Assoc., Inc.*, 975 F.2d. 858, 862 (Fed. Cir. 1992).

7

completely disposed of notwithstanding the presence of the unadjudicated counterclaim for inequitable conduct. See *id*.

Having determined finality as to the Court's ruling on invalidity of the '233 patent, the Court must determine whether there is any just reason to delay the appeal. Fed. R. Civ. P. 54(b). Cadbury argues that factual issues regarding its counterclaim on inequitable conduct "overlap" this Court's ruling on the invalidity of Claim 34 of the '233 patent, and thus the counterclaim should be resolved in a short bench trial prior to any appeal. In particular, Cadbury contends that the prior art at issue includes the Parrish article, the Furman reference, and other technical aspects of S-23 prior art, and notes that the Court considered the Parrish article in determining the invalidity of Claim 34 of the '233 patent.

This Court respectfully disagrees with Cadbury that this purported factual overlap justifies a delay of the appeal. "Inequitable conduct includes affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." *Therasense, Inc. v. Becton, Dickinson & Co. et al.*, 593 F.3d 1298, 1300 (Fed. Cir. 2010), *petition for rehearing en banc granted,* 2010 WL 1655391 (Fed. Cir. April 26, 2010) (quoting *Innogentics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1378 (Fed. Cir. 2008)). The core issue on appeal here would be whether Claim 34 of the '233 patent is invalid as anticipated and/or obvious. Cadbury's counterclaim on inequitable conduct is directed primarily to prior art and the conduct and intent of individuals allegedly associated with the prosecution of the '233 patent application. As explained by Wrigley in its response brief [326], the court of appeals need not delve into these factual issues (especially the issue of Wrigley's intent) in order to review the Court's legal conclusion that Claim 34 of the '233 patent is invalid. See *Therasense, Inc.*, 593 F.3d at 1300 (party asserting inequitable conduct claim must prove the

threshold level of materiality of the withheld or misrepresented prior art and the threshold level of intent to deceive the examiner).

In support of its argument that deferral of certification is warranted, Cadbury cites *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.* 2007 U.S. Dist. LEXIS 56431, at *17 (N.D. Cal. 2007). There, the court held that the "overlap between invalidity and inequitable conduct defense" was a "factor which weigh[ed] against granting partial judgment" under Rule 54(b). However, many factors differentiate *O2 Micro Int'l Ltd.* from the present case. Most importantly, in *O2 Micro Int'l Ltd.* there *was* in fact overlap between the invalidity and inequitable conduct defenses—as discussed, no similar overlap exists here. Furthermore, the *O2 Micro Int'l Ltd.* court denied (not deferred) the request for Rule 54(b) certification in larger part because of two pending related cases involving the same patent (one of which was fully briefed in the Federal Circuit), a concern not present here. *Id.* The present case, instead is more like *Imagecube LLC v. The Boeing Co. et al.*, 2010 U.S. Dist. LEXIS 5252, at *3 n.2 (N.D. Ill., Jan. 22, 2010). There, this Court found that "the presence of [a] nonfrivolous counterclaim 'does not render a Rule 54(b) certification improper.'" *Id.* at *10 (citation omitted).[6]

Finally, the Court concludes that "judicial administrative interests as well as the equities involved" (*Curtiss-Wright,* 446 U.S. at 8) also counsel in favor of permitting an immediate appeal. In regard to the former, the Court notes that the Federal Circuit's decision granting *en banc* rehearing in *Therasence* could have a significant effect on the appropriate standards to be used in determining an inequitable conduct claim (or counterclaim). It makes little sense to

---

[6] Furthermore, even if the Court accepts Cadbury's conclusory assertion that there is some factual overlap concerning the Parrish article, "factual overlap on only tangential issues or on 'one aspect' of a counterclaim is not adequate to show an abuse of discretion" in granting 54(b) certification. *W.L. Gore & Assocs., Inc.*, 975 F.2d at 864. In fact, the Federal Circuit has held that "[e]ven for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001).

proceed with a mini-trial on Cadbury's inequitable conduct claim when the Federal Circuit is considering whether to revise the applicable legal standard. See [321-1], Exhibit A, *Therasense* Order on Petition for Rehearing.

The Court also does not agree that Cadbury's literal infringement claim against Wrigley should be resolved prior to an appeal regarding the validity of the '233 patent. On appeal, the Federal Circuit will have occasion to consider this Court's claim construction of various terms, including the term "menthol," which Cadbury argues is common to both the '233 and '893 patents. "Thus, to the extent that the claims and counterclaims are linked at least by a common claim construction, any views on claim construction that the Federal Circuit expresses should it agree to hear [Wrigley's] appeal immediately would inform the litigation of the counterclaims following the disposition of the appeal." *Imagecube LLC*, 2010 U.S. Dist. LEXIS 5252, *12.

The final matter is Cadbury's argument that Wrigley's motion for Rule 54(b) certification, filed on April 29, 2010, was untimely. The Court finds this argument unpersuasive. While it is true that several decades ago the Seventh Circuit held that "as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of adjudication to which it relates" (*Schaefer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972)), no similar time limit has been imposed under Federal Circuit law (see, *e.g. Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) ("District courts have substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b)")). The Federal Circuit specifically has held that "Federal Circuit law applies to Rule 54(b) certification and appellate jurisdiction issues." *State Contracting & Engineering Corp. v. Florida*, 258 F.3d 1329, 1334 (Fed. Cir. 2001); see also *Ilor, LLC v. Google, Inc.*, 550 F.3d. 1067, 1072 (Fed. Cir. 2008) ("Whether an order is sufficient to

confer appellate jurisdiction under Rule 54(b) is a question of Federal Circuit law"); *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003) ("Under Federal Circuit law, which we apply instead of regional circuit law to issues involving Rule 54(b) certification * * *."). And the parties have not cited – nor has the Court's research uncovered – any Federal Circuit decisions adopting or following the Seventh Circuit's general rule providing for a 30-day time deadline for motions for Rule 54(b) certification.[7]

In any event, even if some version of the 30-day "clock" did apply in this case, it would not cause Wrigley's motion to be untimely. As Cadbury has recognized, the "Seventh Circuit 30-day clock is the *general rule* with *justifiable exceptions* permitted for certification." Def. Mem. at 5-6 [321] (emphasis added) (citing *Robbins v. B&B Lines, Inc.*, 1986 U.S. Dist. LEXIS 26526, *6-9 (N.D. Ill. April 18, 1986)). In *Robbins*, the court found that equitable concerns allowed the movant to avoid the Seventh Circuit's 30-day time limit. Here, the Court instructed the parties to hold off on their motions for certification for appeal while it considered Wrigley's motion for reconsideration. If that motion had been granted, it may well have affected the suitability of this case for immediate appeal. Wrigley should not be punished for delaying in accordance with this Court's instructions. Under these circumstances, Wrigley's motion is not untimely under Federal Circuit law.

### B. Cadbury's Rule 54(b) Motion.

The Court now turns its attention to Cadbury's request to certify for appeal this Court's determination of non-infringement of the '893 patent by Wrigley commercial chewing gum products. Despite initially moving for Rule 54(b) certification on this very question, Cadbury

---

[7] The Court further notes that in *Schaefer*, the Seventh Circuit explained that the rationale underlying the 30-day "clock" was the "lack of diligence on the part of the [party] in seeking the Rule 54(b) order." 465 F.2d at 235. It cannot be said that Wrigley did not diligently pursue Rule 54(b) certification in this case. In fact, the parties have been aware of the strong likelihood of one or more Rule 54(b) motions since the briefing on the underlying motions for summary judgment. See *supra* n. 4.

now raises concerns that, in view of Cadbury's outstanding unresolved infringement claims, Rule 54(b) certification is not now appropriate for lack of a final judgment. This Court concludes that its ruling determining that Wrigley's commercial chewing gum products did not infringe Cadbury's '893 patent is a final judgment, and that no just reason for delay exists.

Cadbury's contentions that unresolved issues of fact regarding whether Wrigley's experimental products literally infringed on the '893 patent prevent certification under Rule 54(b) for lack of finality are not well-taken. As noted above, in support of its first request for 54(b) certification, filed in July of 2009 [303], Cadbury specifically argued that the finality of the Court's June Order on non-infringement of the '893 patent was unaffected by Cadbury's pending claim of infringement by Wrigley's experimental products. In its more recent motion, however, Cadbury has flipped its position. The Court concludes that Cadbury had it right the first time around.

Whether an order constitutes a final judgment depends upon "whether any issues remain to be decided by the court." *View Engineering, Inc. v. Robotic Vision Sys., Inc*., 115 F.3d 962, 964 (Fed. Cir. 1997). In the June Order, the Court clearly decided that Wrigley *commercial* chewing gum products did not infringe the '893 patent literally or under the doctrine of equivalents regardless of whether Wrigley *experimental* chewing gum formulas may literally infringe the '893 patent. *WM. Wrigley Jr. Co.*, 631 F. Supp. 2d at 1039-45. Throughout this litigation, the parties have treated the issue of infringement by Wrigley's *commercial* products and infringement by Wrigley's *experimental* products as separate claims. And rightly so, because the issues involve completely different and separate evidence. For example, at issue with regard to the experimental chewing gums is whether they were made (if ever) in the U.S. or overseas, in Australia, Russia, and Poland. See [326 at 10-11]; see also June Order, 631 F. Supp.

2d at 1040-41 (discussing issues of fact precluding summary judgment on the infringement claim involving experimental products). These factual questions bear no relation to whether Wrigley's commercial products infringed the '893 patent. As Cadbury itself acknowledged in its initial Rule 54(b) motion, "there is no overlap of [these] issues with the DOE claim which is directed to commercial products." [303, at 2-3].

The cases that Cadbury cites in support of its argument that the Court's ruling on non-infringement of the '893 patent is not a final judgment are inapposite. Those cases stand only for the unobjectionable proposition that Rule 54(b) certification would be improper if the Court did not dispose of all portions of a claim raised. *Vectra Fitness, Inc. v. Icon Health & Fitness, Inc*. 288 F. Supp. 2d 1155, 1159-60 (W.D. Wash. 2003); *Nat'l Oil Well Vacro, L.P. v. Pason Sys. USA Corp*., 346 Fed. Appx. 582, 582 (Fed. Cir. 2009). In *Vectra Fitness, Inc*., the court's ruling on the plaintiff's motion for summary judgment on literal infringement was not a final judgment under Rule 54(b) because the defendant's motion for summary judgment on invalidity and estoppel remained unadjudicated. 288 F. Supp. 2d. at 1159-60. In *Nat'l Oil Well Varco, L.P*., the jury's finding that the patent was infringed during the first phase of a bifurcated trial was not a final judgment under Rule 54(b) because the defendant's counterclaim of unenforceability remained to be determined during the second phase of trial. 346 Fed. Appx. at 582. In both cases, the court's ruling that the plaintiff's patent was infringed was not a final judgment because the defendant's remaining affirmative defenses and counterclaims on validity and/or unenforceability could have affected the resolution of the patent infringement claim. Here, by contrast, the Court determined both that Cadbury's patent was valid and that Wrigley's commercial products infringed. Thus, both sides of the coin have been finally decided.

The Court also finds that there is no just reason to delay the appeal. First, the "judicial administrative interests as well as the equities involved" (*Curtiss-Wright Corp.*, 446 U.S. at 8) militate that the appeal on non-infringement of the '893 patent be heard now, simultaneously with the appeal regarding the invalidity of the '233 patent. Again, on appeal, the Federal Circuit will have an opportunity to revisit the claim construction, including a number of disputed claim terms. See *CAE Screenplates, Inc. v. Heinrich Fiedler GMBH& Co.*, 224 F.3d 1308, 1316 (Fed. Cir. 2000) ("Claim construction is an issue of law, which we review without deference to the trial court."). These terms are relevant to issues concerning both of the patents. "Any views on claim construction that the Federal Circuit expresses should it agree to hear [Cadbury's] appeal immediately would inform the litigation of" Cadbury's claim for infringement by the experimental products. *Imagecube LLC*, 2010 U.S. Dist. LEXIS 5252, at *11.

Additionally, Cadbury's '893 patent has expired, and Cadbury is not seeking monetary damages on its willful infringement claim. Instead, on that claim, Cadbury seeks only "recovery for its attorneys' fees plus appropriate equitable relief" under 35 U.S.C. § 285. Any decision by the Federal Circuit on appeal may well affect the parties' settlement or litigation strategies going forward on Cadbury's literal willful infringement claim. See, *e.g. Imagecube LLC*, 2010 U.S. Dist. LEXIS 5252, at *12 (whether remaining "claims would be litigated or settled may well be affected by the outcome of an immediate appeal," a factor relevant to the "judicial administrative interests" involved).

Again, the parties fundamentally agree that Rule 54(b) certification is proper. The parties also agree that the claims that the Court already has resolved should be reviewed simultaneously by the Federal Circuit. The Court concurs in both propositions. And after considering the unique posture of the case – with further Federal Circuit guidance on one of the two remaining

active claims on the horizon – the Court concludes that the interests of the parties in this litigation, as well as the efficient administration of justice, will be better served by moving forward with appellate review of (in Cadbury's words) the "principal and resolved claims" than by deferring appellate review for several more months to proceed to trial on the remaining claims, as Cadbury has proposed. To hold up the appeal would allow the tail to wag the dog.

**IV.     Conclusion**

For the foregoing reasons, the Court concludes that (1) the decisions as to which the parties seek immediate appeal are final and (2) there is no just reason to delay the appeals. Accordingly, Plaintiff's motion for entry of judgment under Rule 54(b) and for stay of the remaining counterclaims [322] is granted, and Defendant's motion [319] is granted in part and denied in part; specifically, Defendant's renewed request for Federal Rule of Civil Procedure 54(b) certification is granted and its further request for deferral of certification to permit resolution of its inequitable conduct and literal infringement claims is denied. This order is stayed for fourteen days to allow the parties an opportunity to prepare and file the judgments and/or stipulations contemplated in the Joint Status Report [318] (see p. 4, *supra*). See Fed. R. Civ. Proc. 62(h). Any remaining claims not covered by the judgments and/or stipulations will be stayed while the Rule 54(b) motions – and, if granted, Rule 54(b) appeals – are pending in the Federal Circuit.

Dated:  October 18, 2010

_____
Robert M. Dow, Jr.
United States District Judge